UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

## GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT'S STATEMENTS MADE DURING CONSENSUALLY-RECORDED CONVERSATIONS

The United States of America, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully files the instant motion to exclude the admission of defendant's false exculpatory statements made during two consensually-recorded conversations with a person cooperating with federal law enforcement, and states as follows:

*Background*

The indictment charges John Bills, along with others, beginning in approximately 2002 and continuing until at least late 2012, with intending to devise, devising and participating in a scheme to defraud the City of Chicago of money, property, and the right to honest services of Bills, a City of Chicago employee from 1979 until 2011. The indictment further charges Bills with conspiracy to engage in federal program bribery by corruptly soliciting, demanding and accepting cash payments and other personal financial benefits, in exchange for official actions taken by Bills in connection with Chicago's Digital Automated Red Light Enforcement Program, known as DARLEP.

1

Specifically, Bills, who managed the City's DARLEP program, steered multiple and lucrative contracts for services related to that program to Redflex Traffics Systems Inc., a company which developed and manufactured digital photo enforcement systems, including red light cameras. In exchange for Bills' efforts in obtaining, keeping, and expanding the DARLEP contracts with the City for Redflex, representatives of Redflex provided Bills with personal financial benefits, including flights, hotels, meals, and rental cars, many of which were provided to Bills through Aaron Rosenberg, Redflex's Vice President of Sales and Marketing. Redflex also funneled cash to Bills through co-defendant Martin O'Malley, who Redflex hired at Bills' request. Bills negotiated O'Malley's contract with Redflex, which included commissions tied directly to the number of new red light cameras purchased and installed by the City, approximately $1500 per camera. O'Malley, at Bills' direction, passed along the large cash payments from the commissions to Bills over the course of the conspiracy.

In or around February 2013, Rosenberg, while cooperating with federal law enforcement, recorded two telephone conversation with Bills. During the first call, Bills made several false exculpatory statements, claiming he did not take a bribe from Rosenberg. Rosenberg and Bills discussed benefits that Bills received at Redflex's expense, and Bills responded that he would look at those allegations and address them at that time. Rosenberg asked to meet, and Bills declined, stating that meeting could be construed as conspiring, and "you don't know who's listening to you right now."

2

Approximately 30 minutes later, Rosenberg and Bills spoke again. Bills again stated that Rosenberg never bribed him. Rosenberg asked Bills if he remembered when they (Rosenberg and Bills) met at the CDOT office years ago and reviewed photographs, and Bills responded that he could not remember. Bills also denied receiving any lump sum payments from O'Malley.

Sometime after those conversations between Rosenberg and Bills, O'Malley spoke to Bills during an unrecorded telephone conversation.[1] During that conversation, according to O'Malley, Bills stated how he received a call from Rosenberg, and how Rosenberg asked to meet with Bills. Bills told O'Malley that he declined to meet with Rosenberg, and he (Bills) believed that Rosenberg was wearing a wire during the conversation.

Defendant should be barred from introducing his own false exculpatory statements in his case or through cross-examination of a government witness, such as Rosenberg. Defendant's prior statements suggesting that he did not commit any crime are inadmissible hearsay under Federal Rule of Evidence 801(c).

*Analysis*

When the government seeks to offer statements made by a defendant into evidence, the statements are admissible as the statements of a party-opponent. *See* Fed.R.Evid. 801(d)(2). However, as a general matter, a defendant may not offer his own out-of-court statements, unless he can show that it has a relevant, non-hearsay purpose, or falls within an established hearsay exception. *See e.g., United States v.*

---

1 At the time of the call, O'Malley was not cooperating with federal law enforcement.

*Davenport*, 929 F.2d 1169, 1175 (7th Cir. 1991) ("[I]t is true that the Davenports' statements, to the extent exculpatory, would not have been admissible at their trial; they would have been hearsay statements not coming within any of the exceptions to the hearsay rule."); *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993) ("Ordinarily a defendant's self-serving, exculpatory, out of court statements [are] not admissible."); *United States v. Ricketts*, 146 F.2d 492, 497 (7th Cir. 1998) ("[R]eport of defendant's interview with a FBI agent was nothing more than a self serving statement by defendant, inadmissible in prison mutiny prosecution under the rules of hearsay."); *United States v. Ortega,* 203 F.3d 675, 682 (9th Cir. 2000) ("The self inculpatory statements, when offered by the government, are admissions by a party opponent and are therefore not hearsay, *see* FED. R. EVID. 801(d)(2), but the non self inculpatory statements are inadmissible hearsay.").

Defendant's false exculpatory statements made in the context of a recorded conversation with Rosenberg are inadmissible hearsay, i.e., statements that the declarant did not make while testifying at trial and offered to prove the truth of the matters asserted. *See* Fed.R.Evid. 801(c). Here, the false and self-serving nature of Bills' statements are readily apparent by the context in which the statements arose, that is, well after allegations surrounding Redflex and Bills became public, as well as in light of Bills' stated concern in the conversation that someone may be listening. Moreover, Bills admitted to O'Malley that Bills believed Rosenberg himself was wearing a wire during the conversation. As such, Bills had every motive to lie and cover up his crime in his conversation with Rosenberg. To the extent Bills seeks to

4

offer the statement to show that it was made (as opposed to for its truth), the Seventh Circuit has denied the same argument in a similar factual scenario. *See United States v. Jackson*, 780 F.3d 1305, 1314-15 (7th Cir. 1986) (affirming district court's ruling excluding defendants' exculpatory statements made in recorded call with cooperator as hearsay because, at the time of the recording, there was evidence that defendants knew of the investigation and, therefore, the "statements were not necessarily inconsistent with guilt, but rather an attempt to cover their tracks"). Accordingly, unless a non-hearsay purpose is articulated or it falls within a hearsay exception, defendant should be precluded from offering his own self-serving, out-of-court statements at trial.

Furthermore, Federal Rule of Evidence 106 – known as the rule of completeness – has no application here. While the government may offer a different recording between Rosenberg and Bills *before* Rosenberg cooperated with federal law enforcement,[2] the government does not intend to offer any statements from the two recordings discussed herein. "'A statement admitted on completeness grounds must be connected contextually to the previously introduced evidence, such that the exclusion of that statement is likely to create an incomplete, misleading, or distorted picture of the evidence.'" *United States v. Reese*, 666 F.3d 1007, 1019 (7th Cir. 2012) (quoting *United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008)). The recordings between Rosenberg and Bills when Rosenberg was not cooperating and the recordings at issue here are not connected contextually, and, in fact, they are

---

2 This recording is the subject of another motion *in limine*.

separated by more than approximately five years. Excluding the latter two recorded conversations between Rosenberg and Bills would not create a misleading picture of the evidence.

*Conclusion*

Based on the foregoing, the government respectfully requests that the Court GRANT the instant motion to exclude the admission of defendant's false exculpatory statements made during two consensually-recorded conversations with a person cooperating with federal law enforcement.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    /s/Zachary T. Fardon
ZACHARY T. FARDON
LAURIE BARSELLA
TIMOTHY J. STORINO
Assistant United States Attorneys
219 S. Dearborn Street, Suite 500
Chicago, Illinois 60604
(312) 353-5300

Dated: December 1, 2015