UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S MOTION TO PRECLUDE ANY EVIDENCE REGARDING ALLEGATIONS RELATED TO REDFLEX IN LOUISIANA**

The UNITED STATES OF AMERICA, through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully files the instant motion to preclude any evidence of allegations of impropriety with respect to Redflex's interactions and business in Jefferson Parrish, Louisiana, and states as follows:

*BACKGROUND*

On or about August 13, 2014, a federal grand jury returned an indictment charging defendant John Bills, along with co-defendants Karen Finley and Martin O'Malley as to certain counts, with (1) honest services fraud, in violation of Title 18, United States Code, Section 1341 and 1346 (Counts One through Twelve); (2) extortion under color of official right, in violation of Title 18, United States Code, Section 1951 (Count Thirteen); (3) conspiracy to commit federal program bribery, in violation Title 18, United States Code, Section 371; (4) federal program bribery, in violation of Title 18, United States Code, Section 666(a)(1)(B) (Counts Fifteen through Seventeen); and (5) tax fraud, in violation of Title 18, United States Code, Section 7206(1) (Counts Twenty-one through Twenty-Three).

1

More specifically, Bills, Finley, O'Malley and others, beginning in approximately 2002 and continuing until at least late 2012, devised, intended to devise and participated in a scheme to defraud the City of Chicago of money, property, and the right to honest services of BILLS, a City of Chicago employee from 1979 until his retirement in June 2011. At times relevant here, Bills worked in various roles at the Chicago Department of Transportation and the Office of Emergency Management Communications. In those roles, Bills managed the City of Chicago's Digital Automated Red Light Enforcement Program, known as DARLEP. Redflex developed and manufactured photo enforcement systems including red light cameras, and sought and obtained the DARLEP contracts with the City of Chicago.

As part of the scheme to defraud, Finley and Aaron Rosenberg, Redflex's Vice President of Sales and Marketing, provided Bills with personal financial benefits, including flights, hotels, meals, and rental cars. Redflex, through Rosenberg and Finley, further arranged for O'Malley to be hired by Redflex, at the request of Bills and in order to please Bills, and to ensure his continued support of Redflex in keeping and growing Redflex's contracts with the City. They also arranged for O'Malley to receive lucrative compensation, much of which O'Malley in turn funneled to Bills. The indictment further charges Bills, Finley and O'Malley with conspiracy to engage in federal program bribery by Bills corruptly soliciting, demanding and accepting cash payments and other personal financial benefits, intending that Bills would be influenced and rewarded in connection with Chicago's DARLEP contract.

In addition to Chicago, Redflex did business with municipalities all over the country, including a red light camera contract in Jefferson Parrish, Louisiana. There, in or around 2005, O'Malley put Rosenberg in touch with a contact of O'Malley's in Louisiana, a lobbyist.[1] Rosenberg (on behalf of Redflex) hired the lobbyist to assist Redflex in obtaining the red light camera contract, and agreed to pay the lobbyist a percentage of the revenue generated. Redflex ultimately won the red light camera enforcement contract with Jefferson Parrish, although the city evaluation committee recommended another company, a Redflex competitor. According to Rosenberg, the lobbyist was instrumental in getting the contract for Redflex, and the lobbyist's team included a wife of a local judge and another person who had close ties to council members. The lobbyist disclosed to the Jefferson Parrish Council that the judge's wife worked on behalf of Redflex, according to Rosenberg, although the council may not have known Redflex paid the judge's wife for her work. Jefferson Parrish's contract with Redflex was ultimately suspended. Rosenberg does not know of any *quid pro quo* or agreement involved in the Jefferson Parrish contract. As far as the government is aware, no charges have been filed against any person in connection with Redflex's red light camera contract in Jefferson Parrish.[2]

The allegations detailed above with respect to Redflex's interactions and business dealings in Jefferson Parrish are not relevant, and more importantly, the

---

[1] Because no charges have been filed in Louisiana, the government does not identify by name the relevant players there.
[2] The evidence related to the above, which consists of reports of interviews, has been produced to the defendant.

danger of unfair prejudice stemming from any mention on cross-examination of these allegations would be substantially outweighed by their limited probative value.

## *ANALYSIS*

Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable that it would be without the evidence, and the fact is of consequence in determining the action. Fed.R.Evid. 401. It is fundamental that "evidence which is not relevant is not admissible." Fed.R.Evid. 402. Even if relevant, however, the evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed.R.Evid. 403.

First, the allegations concerning Redflex's contract in Jefferson Parrish are irrelevant to the matters at hand. There is no allegation that any understanding, agreement, or conspiracy existed that involved Redflex or any Redflex employee engaged in criminal conduct in connection with the Jefferson Parrish contract. No person, including at Redflex or the lobbyist, has been even charged with a crime with respect to that contract. The allegations implying impropriety against the lobbyist are speculative at best; and again, there is no allegation that Redflex or any Redflex employee knew of any improprieties committed by the lobbyist, let alone that Redflex agreed to or sanctioned such conduct. These allegations involving a different contract in a different city make no fact of consequence at issue *in this case*

more or less probable, specifically, whether Bills solicited and accepted bribes and other potential benefits in exchange for his assistance as a public official in steering City business to Redflex.

Second, the introduction of the incomplete and vague allegations outlined above, especially as they pertain to Redflex, will work only to confuse and mislead the jury. Allowing cross-examination of either Rosenberg or O'Malley[3] as to the allegations in Jefferson Parrish will leave the jury with the wrong impression that the alleged charged criminal conduct at hand also occurred in Jefferson Parrish, when there is no evidence to support that claim.

WHEREFORE, the government respectfully requests that the Court grant the government's motion to preclude any evidence of or questioning regarding allegations of impropriety with respect to Redflex's interactions and business in Jefferson Parrish, Louisiana.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: /s/ *Zachary T. Fardon*
ZACHARY T. FARDON
LAURIE BARSELLA
TIMOTHY J. STORINO
Assistant United States Attorneys
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
(312) 353-5300

Date: December 1, 2015.

---

[3] While the government contends that these allegations are not appropriate for cross-examination of any witness, Rosenberg and O'Malley are two Redflex employees who had dealings with the Jefferson Parrish contract.