UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS. | ) | |

**JOHN BILLS' MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO PRECLUDE ANY EVIDENCE REGARDING
ALLEGATIONS RELATED TO REDFLEX IN LOUISIANA**

In its Motion to Preclude any Evidence Regarding Allegations Related to Redflex Louisiana (the "Motion"), the Government argues that Defendant Bills should be limited in his ability to admit evidence whether through cross-examination or direct evidence during Bills' case in chief. Specifically, the Government wants to limit Defendant Bills' ability to introduce evidence of "allegations of impropriety with respect to Redflex's interactions and business in Jefferson Parrish, Louisiana." Doc. 92, p.1. The Government argues that it should be granted the ability to stifle Bills' defense in this case, because such evidence is not relevant under Federal Rule of Evidence 401. Even if admissible, the Government argues that the evidence should be excluded pursuant to Federal Rule of Evidence 403. In this matter, however, the evidence which the Government seeks to bar is not only relevant and should be admitted, the development of such evidence will likely be on cross-examination of former conspirators turned Government witnesses.

### I. Evidence of Redflex's Impropriety in Louisiana is Relevant to Show Bias and Limitation Implicates the Sixth Amendment

To be relevant, Rule 401 provides that "evidence must have a tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence." *United States v. Ozuna*, 674 F.3d 677, 682 (7th Cir.

2012). In this matter, Defendant Bills opposes an outright prohibition on introducing evidence of the actions of Government witnesses in Louisiana because such evidence supports a showing of bias, which is almost always relevant.

"Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to asses all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984); *see also Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("The partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting a witness and affecting the weight of his testimony,'" (*quoting* 3A J. Wigmore, Evidence s 940, p. 775 (Chadbourn rev. 1970))); *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999) ("Bias is always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses."); *Ozuna*, 674 F.3d at 682 (7th Cir. 2012) ("Proof of bias is almost always relevant…").

"Bias is a term used in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *Martin*, 618 F.3d at 727, *quoting Abel*, 469 U.S. at 52. "Cross-examination designed to elicit witness bias directly implicates the Sixth Amendment." *Martin*, 618 F.3d at 727. "A core value [of the Sixth Amendment] is the ability to expose a witness's motivation for testifying, his bias, or his possible incentives to lie." *United States v. Recendiz*, 557 F.3d 511, 530 (7th Cir. 2009). Proof of bias is the "quintessentially appropriate topic for cross-examination." *Manske*, 186 F.3d at 777, *quoting Bachenski v. Malnati*, 11 F.3d 1371, 1375 (7th Cir. 1993).

"The Sixth Amendment to the Constitution of the United States ensures that a defendant be given an opportunity for effective cross-examination." *United States v. Martin*, 618 F.3d 705,

727 (7th Cir. 2010); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 51-53 (1987). Nevertheless, the trial court retains wide discretion to impose reasonable limits on cross-examination in order to curb… testimony that is repetitive and only marginally relevant." *Id.*, *citing Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Rosenberg, a substantial witness for the Government, will likely testify about his dealings with Defendant John Bills. Bills' alleged co-conspirators turned Government witness Karen Finley and Martin O'Malley are also expected to testify against Bills. The Government's own theory of the case alleges that Rosenberg and Finley, both Redflex employees, "provided Bills with personal financial benefits" among other things. Doc. 92, p. 2. The Government also believes that "Redflex, through Rosenberg and Finley, further arranged for O'Malley to be hired by Redflex…." *Id.* Rosenberg and Finley also "arranged for O'Malley to receive lucrative compensation…." *Id.* This is not unlike the situation in Louisiana.

According to the Government's Motion, "Redflex did business with municipalities all over the country, including a red light camera contract in Jefferson Parrish, Louisiana. Doc. 92, p. 3. In Jefferson Parrish, O'Malley put Rosenberg in contact with a lobbyist whose job it was to assist in obtaining red light camera contracts. *Id.* Similar to the instant situation, the lobbyist would be paid a percentage of the revenue generated. *Id.* The Government acknowledges that the Redflex contract in Jefferson Parrish was ultimately suspended, but provides no details as to why. *Id.* Lastly, the Government states that Rosenberg "does not know of any *quid pro quo* or agreement involved in the Jefferson Parrish contract." *Id.* Based on the above, the Government flatly states that such details are not relevant.

It is relevant to this case, however, that several Government witnesses, including two former co-conspirators in this case were involved in a situation in Jefferson Parrish which sounds

3

very similar to the matter in Illinois. While Rosenberg may not know of any *quid pro quo* situation, the Government is silent as to other key players, like Finley and O'Malley. Cross-examination of those witnesses should be allowed in full.

Lastly, and perhaps most importantly, Defendant Bills has the right to inquire of the Government witnesses as to potential benefits they are receiving based on their testimony. The Government points out that there are no charges yet filed "in connection with Redflex's red light camera contract in Jefferson Parrish." Doc. 92, p. 3. Cross-examination of these witnesses would go directly to any bias the witnesses may have in testifying. Should the testimony become "repetitive," or "only marginally relevant," then this Court has the "wide discretion to impose reasonable limits on cross-examination…." But such limits should only be placed on cross-examination after such an examination is allowed to occur, rather than prior to the start of the trial in this matter.

## II. Evidence of Redflex's Impropriety in Louisiana Will Not Confuse or Mislead the Jury

"Under Rule 403, relevant evidence is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice." *Ozuna*, 674 F.3d at 682. The Government has simply argued that "[a]llowing cross-examination of either Rosenberg or O'Malley as to the allegations in Jefferson Parrish will leave the jury with the wrong impression…." The Government's position underestimates the jury and does not satisfy the standard of barring evidence based on Rule 403. Any potential danger of misleading the jury or causing confusion to the jury can be handled by skilled redirect, jury instructions, or this Court using its discretion at the time of cross-examination, not by barring evidence even before the trial starts.

### III. Conclusion

In light of the above-listed rules and facts, this Court should deny the Government's Motion to Preclude Evidence Regarding Allegations Related to Redflex in Louisiana.

Respectfully submitted this 8th day of December, 2015.

By: \_\_\_\_/s/ Nishay K. Sanan\_\_\_\_
Nishay K. Sanan, Esq.

Attorney for Defendant
JOHN BILLS

Nishay K. Sanan, Esq.
Law Offices of Nishay K. Sanan
53 W. Jackson, Suite 1437
Chicago, IL 60604
(312) 692-0360
(312) 278-2483 (fx)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, first being duly sworn on oath, states that a copy of the Response was served upon the parties named by electronically filing the same pursuant to the local rules of ECM on December 8, 2015

\_\_/s/ Nishay Sanan_____