UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS. | ) | |

**JOHN BILLS' MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT'S STATEMENTS
MADE DURING CONSENSUALLY-RECORDED CONVERSATIONS**

The Government has identified two recordings out of several in this case, which the Government would prefer Defendant Bills' not play for the jury at his trial. The Government argues that "[i]n or around February 2013, Rosenberg, while cooperating with federal law enforcement, recorded two telephone conversations with Bills." Doc. 89, p. 2. The Government claims that Bills made "several false exculpatory statements" during the first call. *Id*. The Government further claims that similar statements were made during the second of the two calls. *Id*. at p. 3. No one but the Government has determined that the statements included in the two phone calls are false. No one but the Government has determined that the statements included in the two phone calls were exculpatory. Rather, the Government prefers to usurp the role of this Court and the jury, and make evidentiary determinations to bar introduction of two recordings that do not support the Government's case. For the reasons below, this Court should deny the Government's Motion to Exclude Defendant's Statements Made During Consensually-Recorded Conversations.

I. **THE TWO RECORDED CONVERSATIONS ARE ADMISSIBLE UNDER EXCEPTIONS TO THE RULE AGAINST HEARSAY**

The Federal Rules of Evidence prohibit the admission of hearsay evidence, that is, statements made out of court that are offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802.

    a. **Federal Rule of Evidence 803(2) Allows for the Admission of Excited Utterances Despite Being Offered for Their Truth**

Federal Rule of Evidence 803(2) sets out an exception to the rule against hearsay for excited utterances. Under Rule 803(2), the following is excepted from the bar on hearsay: "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id*. The Advisory Committee Notes for the 1972 Proposed Rules explain in more detail what might fall into the category of an excited utterance:

> The theory of Exception [paragraph] (2) is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication…. Spontaneity is the key factor in each instance, though arrived at by somewhat different routes. Both are needed in order to avoid needless niggling.

Rule 803(2), Advisory Committee Notes, *citing* 6 Wigmore § 1747, p. 135. Regarding the temporal nexus between event and excited utterance, the Advisory Committee also notes that "…the standard measurement is the duration of the state of excitement. 'How long can excitement prevail? Obviously there are no pat answers and the character of the transaction or event will largely determine the significance of the time factor.'" *Id*., *citing* Slough, Spontaneous Statements and State of Mind, 46 Iowa L.Rev. 224, 243 (1961); McCormick § 272, p. 580.

In *United States v. Sowa*, the Seventh Circuit explained the proper test for the admission of hearsay statements under the excited utterance exception: 1) a startling event must have

occurred; 2) the declarant must have made the statement while under the stress of excitement caused by the event; and 3) the statement must relate to the startling event. 34 F.3d 447, 453 (7th Cir. 1994), *citing United States v. Hartman*, 958 F.2d 774, 784 (7th Cir. 1992). In its motion, the Government notes that the two recorded statements which it seeks to bar were made after the allegations about Defendant Bills and Redflex became public. Doc. 89, p. 4. Discovering that you are the subject of a federal investigation is likely one of the more startling events of a lifetime. Listening to the recordings which the Government seeks to bar, it appears that Defendant Bills is very much under the stress of excitement caused by the event. The statements in the two recordings relate directly to Bills discovering he was under investigation and accusations made towards him by Rosenberg. Thus, the elements for admissibility of the statements are satisfied pursuant to Rule 803(2). As such, this Court should deny the Government's Motion.

### b. Federal Rule of Evidence 803(6) Allows for the Admission of Business Records Despite Being Offered for Their Truth

Federal Rule of Evidence 803(6) sets out an exception to the rule against hearsay for business records. Under Rule 803(6), the following is excepted from the bar on hearsay:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

3

>(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). A document prepared by a third party may qualify as another business entity's business record under Rule 803(6) if that entity integrated the third-party record into its records and relied upon it in its day-to-day operations. The proponent also must satisfy the other requirements of Rule 803(6). *See e.g. Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010) ("Several other courts have held that a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of rule 803(6) are satisfied… We agree with these courts…."); *United States v. Adefehinti*, 510 F.3d 319, 326 (D.C.Cir. 2007) ("[A] record of which a firm takes custody is thereby 'made' by the firm within the meaning of the rule (and thus is admissible if all the other requirements are satisfied)."); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1342-44 (Fed. Cir. 1999) ("This court has not previously addressed the question of the foundation testimony necessary to admit documents produced by third parties not before the court under Rule 803(6) where those documents have been incorporated into another business entity's records. Other courts of appeal have addressed this situation in a number of cases and have generally held that a document prepared by a third party is properly admitted as part of the business entity's records if the business integrated the documents into its records and relied upon it."); *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990) (Holding that medical records from a hospital were the business records of the insurance company and explicitly recognizing that "there is no requirement that the business records be created by the business having custody of them").

4

Should the Government provide its many recordings of Defendant Bills as the records of the FBI, then the business records exception will apply to any of those statements. In its Records Management Manual, POL05-0001-RMD (unclassified on March 14, 2013), the FBI:

> Defines the policies and procedures of the Bureau's records management program, delineates responsibilities for records management, implements Federal records management statutes and regulations, and establishes and communicates standard procedures for the management of FBI records.

Record Management Manual ("RM Manual"), p. FBI-3378-ALPRS, available at epic.org/foia/FBI-Records-Management-Manual.pdg, most recently accessed on December 7, 2015. The RM Manual defines "Federal Records" as follows:

> Federal records are broadly defined to include all recorded information, regardless of medium or format (paper, electronic, audiovisual, etc.), made or received by a Federal agency or its agents under Federal law or in connection with the transaction of public business, and either preserved or appropriate for preservation because of its administrative, legal, fiscal, or informational value.

RM Manual, p. FBI-3384-ALPRS, § 1.4. Relevant to the instant issue, the RM Manual explains that the FBI may treat third party records as their own:

> Documentary materials created in accordance with this responsibility are FBI records. In addition, all documents, databases, and other information received by the FBI in the course of its routine duties and responsibilities are FBI records as well, even though these records were created by other individuals or organizations.

RM Manual, p. FBI-3388-ALPRS, § 3.1 (although the same section also allows for the treatment of some evidence as evidentiary property rather than records, the distinction is permissive rather than mandatory). Given the discussion of case files related to specific investigations being treated as records, it is natural that the case files in this matter would be treated as a business record. *See* RM Manual, p. FBI-3400-ALPRS, § 4.2.1.3 (entitled "Definition of a Case File," this section states at the outset that "[t]he majority of the FBI's mission-related, or program, records are arranged in case files related to specific investigation or intelligence matter.")

5

In this case, the hearsay exception for Records of Regularly Conducted Activity should be applied to the two recordings which the Government seeks to exclude. Turning to the appropriate test, we see that:

(A) the recordings were made at the time the information was transmitted because it is a live recording of a phone call;

(B) the recordings are a record, arranged in a case file specific to a particular investigation; such records are received by the FBI in the course of its routine duties;

(C) making recordings as part of an investigation is a part of the FBI's mission;

(D) the recordings will comply with Rules 902(11) by subpoenaed testimony from an FBI custodian of records; and

(E) the source of the information in the recording is the Government's own witness.

Given the FBI's own policies, the two recordings which the Government seeks to exclude fall squarely within the exception to the Rule Against Hearsay found in Rule 803(6). Thus, the recordings should not be barred.

## II. THE RECORDINGS CAN BE USED FOR IMPEACHMENT

It is anticipated that should Government's cooperating witness Aaron Rosenberg testify, he will implicate Bills and state that he (Rosenberg) was involved with or did pay a "bribe" to Bills. In these recordings, when Bill's states "…never one time in my life did Aaron Rosenberg ever bribe me and get anything from the City of Chicago…", Rosenberg responds with "I know that and its true". This exchange, it is anticipated will contradict the statements Rosenberg will make on the stand and should be admitted for impeachment purposes.

## III. CONCLUSION

In light of the above-listed rules and facts, this Court should deny the Government's Motion to Exclude Defendant's Statements Made During Consensually Recorded Conversations.

6

                                      Respectfully submitted
                                      /s/ Nishay K. Sanan
                                      Nishay K. Sanan, Esq.
                                      Law Office of Nishay K. Sanan
                                      53 W. Jackson Blvd.
                                      Suite 1437
                                      Chicago, Illinois 60604
                                      Telephone:   312-692-0360
                                      Facsimile:    312-957-0111
                                      E-Mail:       nsanan@aol.com

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, first being duly sworn on oath, states that a copy of Response was served upon the parties named by electronically filing the same pursuant to the local rules of ECM on December 8, 2015.

                                    __/s/ Nishay Sanan_____