UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| V. | } | 14 CR 135 |
| | } | |
| | } | JUDGE KENDALL |
| **JOHN BILLS** | } | ( 2319) |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant, John Bills, by and through his counsel, submits the following proposed Jury Instructions. Bill requests that right to supplement the jury instruction as the close of evidence should the need arise.

Respectfully submitted,

__/s/ Nishay K. Sanan_____

Nishay K. Sanan

Nishay K. Sanan, Esq.
Law Offices of Nishay K. Sanan
53 W. Jackson, Suite 1437
Chicago, IL 60604
(312) 692-0360
(312) 278-2483 (fx)

In your assessment of the facts of this case you must keep in mind that a grand jury is not the same as a jury in a trial court, such as yourselves. The grand jury is an investigative tool. It renders no verdict or decision on the guilt or innocence of any parties involved. There is no judge present in the grand jury room when testimony is being taken and the normal rules of evidence do not apply to a grand jury investigation. The mere fact that Aaron Del Valle was indicted following the grand jury investigation should have no bearing on how you are to evaluate the facts of this case.

BILLS' PROPOSED INSTRUCTION NO. 1

Brandom v. U.S., 431 F.2d 1391, 1397 (7th Cir. App. 1970) U.S. v. Flomenhoft, 714 F.2d 708, 710 (7th Cir. App. 1983) U.S. v. Dorfman, 532 F. Supp. 1118, 1131 (N.D. Ill. 1981)

Not every instance of misconduct or violation of a state or municipal law or personnel policy constitutes a mail or wire fraud violation.

BILLS' PROPOSED INSTRUCTION NO. 2

United States v. Sorich, et al. No. 05 CR 644 (modified)

If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

BILLS' PROPOSED INSTRUCTION NO. 3

Seventh Circuit Committee (2012) 5.07

Good faith on the part of the defendant is inconsistent with intent to defraud, an element of the charge. The burden is not on the defendant to prove his/her good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted with intent to defraud.

BILLS' PROPOSED INSTRUCTION NO. 4

Seventh Circuit Committee (2012) 6.10 (modified)

A person attempts an offense if he knowingly takes a substantial step toward committing the offense. A substantial step is an act beyond mere planning or preparation to commit the crime, but less than the last act necessary to commit the crime.

Speech, standing alone, is not a "substantial step."

BILLS' PROPOSED INSTRUCTION NO. 5

United States v. Gladish, 536 F.3d 646 (7th Cir. 2008)

A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties. A corrupt intent exists only if there is a specific quid pro quo for the public official to engage in a specific official act in exchange for something of value.

Vague expectations of some future benefit are not sufficient to make a payment a bribe.

BILLS' PROPOSED INSTRUCTION NO. 6

United States v. Allen, 10 F.3d 405 (7th Cir. 1993)