UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE**

The UNITED STATES OF AMERICA, through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully files the instant response to defendant John Bills' motion and memorandum of law in support of motions in limine, and states as follows:

On December 1, 2015, Bills filed a motion in limine in which he raised two separate issues. (R.87).

First, Bills seeks a pretrial ruling from the Court as to the admissibility (or inadmissibility) of statements made by Aaron Rosenberg (referred to as Individual A in the Complaint, R.1) and other ex-Redflex employees to law enforcement during interviews, and whether the government may introduce those statements at trial through a law enforcement officer. (R.87, at 8-9). While the government expects to call Rosenberg as a witness at trial, any statements made by Rosenberg to law enforcement, regardless of whether Rosenberg testifies at trial, would be hearsay insofar as they are out-of-court statements offered for their truth, and would be inadmissible absent a recognized hearsay exception. To be clear, however, statements made by Rosenberg during the course of the conspiracy and in

1

furtherance of the conspiracy would be admissible as coconspirator statements, again regardless of whether Rosenberg testified. For example, statements made by Rosenberg during the conspiracy and in furtherance of the conspiracy may be admissible through another witness, such as Karen Finley or Martin O'Malley. In addition, statements in the form of emails sent by Rosenberg during the conspiracy and in furtherance of the conspiracy would likewise be admissible as coconspirator statements (if properly authenticated). In either instance, such statements would not invoke, let alone violate, the Sixth Amendment's Confrontation Clause, even if Rosenberg did not testify. *See United States v. Jones*, 314 F. App'x 883, 886-887 (7th Cir. 2009) (citing *United States v. Hargrove*, 508 F.3d 445, 449 (7th Cir. 2007) ("Statements of a coconspirator are not testimonial because they are considered party admissions, not hearsay.")).[1]

Second, defendant seeks a pretrial ruling barring the introduction of any evidence under Federal Rule of Evidence 404(b). (R.87, at 9-11). At the moment, the government does not intend to introduce any such evidence.

---

[1] In *Hargrove*, the Seventh Circuit made this point very clear: "*Crawford* addressed the Confrontation Clause limitations on the admission of testimonial hearsay, but the coconspirator statements made by [declarant] are neither hearsay nor 'testimonial' as the Supreme Court has defined that term in *Davis [v. Washington*, 547 U.S. 813 (2006)]. Accordingly, they need not satisfy the Confrontation Clause requirements identified in *Crawford* in order to be admissible." *Hargrove*, 508 F.3d at 448-49 (internal citation omitted).

WHEREFORE, the government respectfully requests that the Court deny defendant John Bills' motion and memorandum of law in support of motions in limine.

        Respectfully submitted,

        ZACHARY T. FARDON
        United States Attorney

By: /s/ *Zachary T. Fardon*
     ZACHARY T. FARDON
     LAURIE BARSELLA
     TIMOTHY J. STORINO
     Assistant United States Attorneys
     219 South Dearborn Street, Suite 500
     Chicago, Illinois 60604
     (312) 353-5300

Date: December 8, 2015.