UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    14 CR 135 |
| v. | ) | |
| | ) | Judge Virginia Kendall |
| JOHN BILLS | ) | |

## **GOVERNMENT'S JURY INSTRUCTIONS**

The United States of America, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits the following proposed jury instructions, and it requests permission to supplement these proposed instructions with additional proposed instructions as the trial progresses.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:     /s/Zachary T. Fardon
        ZACHARY T. FARDON
        LAURIE BARSELLA
        TIMOTHY J. STORINO
        Assistant United States Attorneys
        219 S. Dearborn Street, Suite 500
        Chicago, Illinois 60604
        (312) 353-5300

Dated: December 8, 2015

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed. If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 1
7th Cir. Pattern Crim. Fed. Jury Instruction 5.06 (2012)

A false or fraudulent pretense, representation, promise, omission, or concealment is "material" if it is capable of influencing the decision of the agents of the City of Chicago to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

GOVERNMENT INSTRUCTION NO. 2
7th Cir. Pattern Crim. Fed. Jury Instruction §§ 1341 and 1343 at p. 498 (2012)

At all relevant times, John Bills was a public official of the City of Chicago.

GOVERNMENT INSTRUCTION NO. 3
7th Cir. Pattern Crim. Fed. Jury Instruction §§ 1341, 1343, and 1346 at p. 501,
Committee Comment, par. 3 (2012)

Bribery may be shown where personal benefits are given to a public official with the intent to obtain the official's actions on an "as needed" basis, and the official accepts the benefits with intent to take official action on the payor's behalf in return for those benefits as opportunities arise.

GOVERNMENT INSTRUCTION NO. 4

*See Skilling v. United States*, 561 U.S. 358, 413 (2010) (citing *United States v. Ganim*, 510 F.3d 134, 147-149 (2d Cir. 2007); *United States v. Whitfield*, 590 F.3d 325, 352-353 (5th Cir. 2009); *United States v. Kemp*, 500 F.3d 257, 281-286 (3d Cir. 2007)); *United States v. Urciuoli*, 613 F.3d 11, 13-14 (1st Cir.) (confirming stream-of-benefits theory survived Skilling), *cert. denied*, —— U.S. ——, 131 S.Ct. 612 (2010); *United States v. Bryant*, 655 F.3d 232, 240-41 (3d Cir. 2011) (approving stream of benefits instruction post-*Skilling*). *See also United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998) (describing stream of benefits in exchange for official acts as "course of conduct"); *United States v. Kincaid–Chauncey*, 556 F.3d 923, 943 (9th Cir. 2009) (describing stream of benefits in exchange for official acts as putting the government official "on retainer").

It is not necessary that the public official had the power to or did perform the act for which he was promised or which he agreed to receive something of value; it is sufficient if the matter was before him in his official capacity.

GOVERNMENT INSTRUCTION NO. 5
7th Cir. Pattern Crim. Fed. Jury Instruction §§ 1341, 1343, and 1346 at p. 506 (2012)

The mail and wire fraud statutes can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

GOVERNMENT INSTRUCTION NO. 6
7th Cir. Pattern Crim. Fed. Jury Instruction §§ 1341 and, 1343 at p. 507 (2012)

Extortion under color of official right occurs when a public official receives money or property to which he is not entitled, knowing that the money or property is being given to him in return for taking, withholding or influencing official action. Although the official must receive the money or property, the government does not have to prove that the public official first suggested giving money or property, or that the official asked for or solicited it. While the official must receive the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action or that the official could have actually taken the action in return for which payment was made or that the official would not have taken the same action even without payment.

GOVERNMENT INSTRUCTION NO. 7
7th Cir. Pattern Crim. Fed. Jury Instruction § 1951 at p. 618 (2012)

"Property" includes money, hotel stays, car rentals, meals, golf games, and computers.

GOVERNMENT INSTRUCTION NO. 8
7th Cir. Pattern Crim. Fed. Jury Instruction § 1951 at p. 621 (2012)

The agent need not have unilateral control over the business, transaction or series of transactions; influence is sufficient.

GOVERNMENT INSTRUCTION NO. 9
7th Cir. Pattern Crim. Fed. Jury Instructions § 666(a)(1)(B), commentary at p. 255 (2012)