IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,

Plaintiff(s),

v.

John Bills,

Defendant(s).

Case No. 14 cr 135-1
Judge Virginia M. Kendall

## ORDER

Final pretrial conference rulings.

## STATEMENT

The final pretrial conference was held on December 22, 2015. At the conference, a number of motions in limine were addressed and decided. The following rulings were made orally on the record:

The Government's motion to exclude the Defendant's statements made during a consensually-recorded conversation (Dkt. No. 89) was granted in part and taken under advisement in part. To the extent the conversation asserted fall within the hearsay exception as a business record, the Court grants the motion. The Court agrees to listen to the recording to determine if the second exception to hearsay, excited utterance, exists as an alternative basis. The Court takes under advisement whether the Defense can impeach the witness with the recording. The Government's motion for leave to file additional pretrial motions (Dkt. No. 90) was granted. Any motion must be filed by January 6, 2016. The Government's motion to preclude evidence of specific allegations stemming from the Feiler letter (Dkt. No. 91) was granted; however, any statements made to law enforcement that led to the initiation of the underlying investigation are admissible. The Government's motion to preclude evidence concerning Redflex in Louisiana (Dkt. No. 92) was granted. At this point, there exists no good faith basis to question the Government's witnesses on Louisiana allegations. The Defendant may re-raise this issue at trial if a basis presents itself. The Government's motion to admit a consensually-recorded conversation (Dkt. Nos. 88 & 96) was granted without objection.

The Court additionally granted the Government's motion to conditionally admit evidence through its Santiago proffer (Dkt. No. 94). The proffer is sufficiently detailed and, as alleged, properly states the existence of a conspiracy.

The Court granted in part and denied in part the Defendant's consolidated motions in limine (Dkt. No. 87). The Court denied the Defendant's motion to bar testimonial statements pursuant to Crawford because the challenged statements are part of the conspiracy alleged in the Santiago

proffer. The Defendant may re-raise this issue at trial as the evidence evolves. The Court granted the Defendant's motion to bar any Fed. R. Evid. 404(b) evidence without objection.

Date:  12/22/2015                                             /s/ Virginia M. Kendall