UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S MOTION TO ADMIT SUMMARY CHART EVIDENCE OF VOLUMINOUS RECORDS UNDER FEDERAL RULE OF EVIDENCE 1006 AND DEMONSTRATIVE EXHIBITS UNDER RULE 611**

The United States of America, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits the instant motion to admit summary chart evidence of voluminous records under Federal Rule of Evidence 1006 and demonstrative exhibits under Federal Rule of Evidence 611, and states as follows:

The government will seek to admit at trial summary chart exhibits, summarizing voluminous (1) telephone records of co-defendant Martin O'Malley; (2) bank records of O'Malley's cash withdrawals broken down by year; (3) bank records of cash withdrawals by O'Malley as they relate to (a) cash deposits by defendant John Bills, (b) planned meetings between O'Malley and Bills, and (c) trips taken by Bills; (4) bank records of checks from Redflex deposited into O'Malley's account; (5) credit card records of a witness as they relate to trips taken by Bills; and (6) bank records and business records related to payments by O'Malley for a condo in Arizona.

1

The government contends that these summary charts are admissible under Rule 1006 in that they summarize voluminous records.

In addition, the government anticipates using summary charts as demonstrative exhibits showing (1) expense records of Redflex employees, including Aaron Rosenberg, Karen Finley, Martin O'Malley and others, who will testify that the expenses listed were for the benefit of defendant; (2) bank records of checks given by O'Malley to Bills, who, in turn, gave them to third parties (according to said third parties); and (3) bank records of cash withdrawals by O'Malley in relation to specific Bills' cash expenditures. Additionally, for some of the above Rule 1006 summary charts the government will add witness testimony and present the additional charts as demonstrative exhibits, for example, showing cash withdrawals by O'Malley with the additional detail of how much cash was kept by O'Malley and how much cash was given to Bills. The government contends that these summary charts, which incorporate witness testimony, are demonstrative exhibits under Rule 611.[1]

## Analysis

1.  *Rule 1006 and summary charts*

Federal Rule of Evidence 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary,

---

[1] The parties discussed these charts and were unable to come to an agreement, which precipitated this motion. The above lists of summary chart exhibits and demonstrative exhibits are not exhaustive. In addition, the government has provided drafts of these exhibits to defendant, and will also provide drafts to the Court before trial.

2

> or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at [a] reasonable time and place. The court may order that they be produced in court.

Fed.R.Evid. 1006.

Given the voluminous records described above, which have been provided to defendant, Rule 1006 allows the admission of the proposed summary exhibits. Courts have articulated a three-part test to determine when a chart, summary or calculation is admissible. First, the writings, records or photographs at issue must be voluminous. *United States v. Briscoe*, 896 F.2d 1476, 1495 (7th Cir. 1990) (affirming district court's admission of "cover sheets" as summaries for transcripts of 238 tape-recorded telephone conversations pursuant to Rule 1006). Second, the party offering the chart, summary, or calculation must lay a proper foundation for its admission. *Id.*; *United States v. Driver*, 798 F.2d 248, 252 53 (7th Cir. 1986). Third, the original documents or duplicates must be made available to the opposing party prior to trial. *Coates v. Johnson & Johnson*, 756 F.2d 524 (7th Cir. 1985). The decision to admit or exclude Rule 1006 summaries rests within the sound discretion of the district court. *Briscoe*, 896 F.2d at 1495.

Here, the government has satisfied all the conditions for admitting Rule 1006 summaries. First, the evidence in question, as detailed above, is indisputably voluminous: scores of pages of telephone records, bank records, and the like. The voluminous nature of the records, both in scope and type of record, are such that

comprehension by the jury would be difficult and inconvenient. *Briscoe*, 896 F.2d at 1495 (providing that Rule 1006 does not require that it be "literally impossible to examine all the underlying records, but only that in court examination would be an inconvenience") (citation omitted).

Second, the government acknowledges its obligation to provide a proper foundation for the admission at trial. While the government need not introduce the underlying records into evidence, it must "demonstrate that the underlying records are accurate and would be admissible as evidence." *United States v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009). The government will do so here, laying a proper foundation for the underlying records as business records pursuant to Federal Rule of Evidence 803(6) through stipulation with the defense. The government anticipates calling an FBI agent who will testify to the accuracy of the summary charts. The witness need not have personally created the underlying records, nor personally prepared the summary exhibit. *See United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014) (providing that, while the witness did not prepare the summary exhibit, "he testified that he supervised a team of auditors who reviewed the raw data and prepared the summary, and that he then reviewed the summary").

Third and finally, copies of the underlying documents have been produced to the defendant.

The government anticipates that defendant will argue that these summary charts are argumentative and thus impermissible under Rule 1006 insofar as they compare and combine information into one summary chart, for example, charts that show the dates and amounts of O'Malley's cash withdrawals compared with: (1) the dates of planned meetings with Bills; (2) the dates and amounts of cash deposits by Bills; and (3) the dates of trips taken by Bills. Defendant is mistaken. The government's proposed summary charts summarize voluminous records, whether those records are bank records, emails, or airline records, and nothing in Rule 1006 prohibits the government from displaying them to the jury in a single summary chart. *See United States v. Robbins*, 197 F.3d 829, 836-37 (1999) (finding the district court did not abuse its discretion where it admitted the government's exhibit which summarized documentary evidence "comprised of telephone records, hotel and truck rental receipts, and credit card charges" and the use of the label "marijuana trips" was not an abuse of discretion). As in *Robbins*, the summary charts here will "recapitulate the numerous and voluminous exhibits that had already been introduced into evidence and that were difficult to sort out." *Id.* at 837; *id.* ("This exhibit simply summarized this documentary evidence."). This is permissible under Rule 1006.

2. *Demonstrative exhibits*

Under Federal Rule of Evidence 611(a), courts may allow a party to use a chart or other summary tool as a pedagogical device. A demonstrative exhibit is "a

persuasive, pedagogical tool created and used by a party as part of the adversarial process to persuade the jury." *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 706-07 (7th Cir. 2013) (citing Robert D. Brain & Daniel J. Broderick, The Derivative Relevance of Demonstrative Evidence: Charting Its Proper Evidentiary Status, 25 U.C. Davis L.Rev. 957, 961 (1992) ("Demonstrative proof has only a secondary or derivative function at trial: it serves only to explain or clarify other previously introduced, relevant substantive evidence.")). By their nature, demonstrative exhibits are "less neutral" and "instead aim to clarify, color, or organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence to persuade the jury to see the evidence in a certain light favorable to the advocate's client." *Baugh*, 730 F.3d at 707 (citation and quotation marks omitted).

The aforementioned demonstrative exhibits summarize records, which the government will offer into evidence, and incorporates the testimony of witnesses related to that evidence. For example, the summary chart related to Rosenberg's expenses will summarize expenses contained in expense reports submitted by Rosenberg that he will testify were for the benefit of defendant. In this way, the exhibit both summarizes voluminous records, and, based on witness testimony, presents the evidence in a light favorable to the government and meant to persuade the jury.

6

The government anticipates that defendant will assert that demonstrative exhibits may not contain any argument (explicit or implicit); these exhibits do not contain argument, and even they did, Seventh Circuit precedent allows it. *See Baugh*, 30 F.3d at 707 (providing that "the party using [the demonstrative exhibit] may also gain something—some leeway to use the exhibit as an advocacy tool that the party might not enjoy if trying to admit the exhibit as substantive evidence"); *id.* at 708 (providing that "when an exhibit is allowed to be used for only demonstrative purposes, the judge and the parties understand that the exhibit is argumentative and persuasive in nature"); *United States v. Milkiewicz*, 470 F.3d 390 (2006) ("Record support [for demonstrative exhibits] is necessary because such devices tend to be more akin to argument than evidence.") (citation and quotation marks omitted)). As is the rule, these demonstrative exhibits, unlike summary exhibits under Rule 1006, will not be admitted into evidence and will not be available for the jury during deliberations.

## Conclusion

Based on the foregoing, the government respectfully requests that the Court GRANT the instant motion to admit summary chart evidence of voluminous records under Federal Rule of Evidence 1006 and allow the use of demonstrative exhibits, as described above.

          Respectfully submitted,

          ZACHARY T. FARDON
          United States Attorney

By:   /s/Zachary T. Fardon
      ZACHARY T. FARDON
      LAURIE BARSELLA
      TIMOTHY J. STORINO
      Assistant United States Attorneys
      219 S. Dearborn Street, Suite 500
      Chicago, Illinois 60604
      (312) 353-5300

Dated: January 6, 2016