UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**JOHN BILLS' RESPONSE TO GOVERNMENT'S MOTION TO ADMIT SUMMARY
CHART EVIDENCE OF VOLUMINOUS RECORDS UNDER FEDERAL RULE OF
EVIDENCE 1006 AND DEMONSTRATIVE EXHIBITS UNDER RULE 611**

John Bills, by his attorneys, NISHAY K. SANAN and STEPHEN F. HALL, respectfully

submits his response to the government's Motion to Admit Summary Chart Evidence and

Demonstrative Exhibits (the "Motion"), and states as follows:

**ARGUMENT**

The government explains in its Motion that it wishes to submit various summary charts

for two distinct purposes pursuant to two distinct rules of evidence. First, the government asks

this Court to admit summary chart evidence of voluminous records pursuant to Federal Rule of

Evidence 1006. Second, the government requests that this Court allow it to utilize demonstrative

exhibits as a pedagogical device during trial.

The government submitted various draft summary charts to Bills for review but have

failed to specify which charts they will be seeking to admit as substantive evidence and which

charts will be used only as demonstrative exhibits. The government's draft charts contain the

following titles:

- Arizona Condo Expenses Paid by Martin O'Malley
  2008 through 2012

- Martin O'Malley Cash Withdrawals
  Cash to John Bills
  For the Years 2006 to 2012

- Checks Written By Martin O'Malley
  For John Bills Expenses
  For the Years 2007 to 2011

- Martin O'Malley Cash Withdrawals
  Within 8 Days of John Bills' Cash Deposits
  2006-2010

- John Bills and Martin O'Malley
  Is Planning Meetings and Cash Withdr
  2008 – 2011

As discussed in its Motion, the government will seek to enter some of the above-titled exhibits as substantive evidence pursuant to Rule 1006, and some will only be used as demonstrative exhibits pursuant to this Court's inherent discretion and Rule 611(a).

**I.**     **Summary Charts Admitted Pursuant to Rule 1006**

A party may introduce summaries of other evidence pursuant to Rule 1006 in order to "prove the content of voluminous writings… that cannot be conveniently examined in court." *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013), *citing United States v. Janati*, 374 F.3d 263 (4th Cir. 2004). If admitted pursuant to Rule 1006, the summary chart becomes substantive evidence – "in part because the party is not obligated to introduce the underlying documents themselves." *White*, 737 F.3d at 1135, *see Janati*, 374 F.3d at 273; Fed. R. Evid. 1006 (requiring that the underlying information be available for examination, copying, or both). Because the summary chart may be admitted as substantive evidence in lieu of the voluminous records, the "exhibit must accurately summarize those documents. It must not misrepresent their contents or make arguments about the inferences the jury should draw from them." *White*, 737 F.3d at 1135; *citing United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) ("The

proponent must show that the voluminous source materials are what the proponent claims them to be and that the summary accurately summarizes the source materials.").

Based on the above rules and precedent, Bills does not have an objection to summary charts being admitted into evidence, assuming: 1) the underlying material is otherwise admissible in evidence; 2) the information in the summary charts accurately summarizes the voluminous information; and 3) the summary charts are free of any "argument about the inferences the jury should draw from them." Based on prior discussions with the government and the government's Motion, it seems that the government will be attempting to include some amount of persuasive or argumentative content to their summary charts. In that respect the government is correct in anticipating "that defendant will argue that these summary charts are argumentative and thus impermissible under Rule 1006…." Motion, Doc. 121, p. 5.

Under Rule 1006, the government will be seeking admission of "…charts that show the dates and amounts of O'Malley's cash withdrawals compared with: (1) the dates of planned meetings with Bills; (2) the dates and amounts of cash deposits by Bills; and (3) the dates of trips taken by Bills." Motion, Doc. 121, p. 5. As mentioned at the outset of the instant response, some of these charts, such as "Martin O'Malley Cash Withdrawals/ Cash to John Bills/ For the Years 2006 to 2012"[1] contain argument rather than simple summary of voluminous records. The argument stems from the fact that, while there may be voluminous records of the years and the amounts of cash which Martin O'Malley withdrew from various bank accounts, there is no voluminous record showing how much cash O'Malley subsequently kept or allegedly paid to Bills. Rather, the latter two pieces of information will come from O'Malley's anticipated

---

[1] This particular draft chart is being used as a single example and is not the only offered, draft summary chart in which the government has presented argument rather than simple summary of voluminous records.

testimony. The testimony of Martin O'Malley is inappropriate for inclusion in a summary chart

under Rule 1006, and should be excluded from admission into substantive evidence.

In support of its position, the government cites *United States v. Robbins*, 197 F.3d 829

(7th Cir. 1999) for the idea that the government may combine multiple groups of voluminous

documents or data into a single summary chart. Motion, Doc. 121, p. 5. Although *Robbins* is

valid precedent, more recent cases endeavor to clarify some ambiguities. *See Baugh ex rel.*

*Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701 (7th Cir. 2013); *White*, 737 F.3d 1121. In *White*,

the court discussed the thin line between summary charts admitted into evidence pursuant to

Rule 1006 and those used as demonstrative exhibits pursuant to Rule 611(a):

> [t]he lines between these types of summary documents are easily blurred. A
> summary that is admissible under Rule 1006… could properly be offered under Rule
> 611(a) if the supporting material has been admitted into evidence. Likewise, a chart that
> originally was offered as a jury aid to assist with review of voluminous underlying
> documents already in evidence – and which accurately summarizes those documents –
> alternatively could be admitted under Rule 1006 if the court concluded that the
> supporting documents could not be examined conveniently in court.

737 F.3d at 1135-36, *citing Milkiewicz*, 470 F.3d at 397. Testimony, like that of Martin

O'Malley would not fall into the category of voluminous underlying documents which would

necessitate inclusion of his testimony in a summary chart. As such, Bills objects to the

admission of any summary charts which are drawn from sources other than voluminous

documents which would be otherwise admissible in court. More specifically, Bills objects to the

admission of summary charts pursuant to Rule 1006 which are based on testimony rather than

voluminous documents.

## II.      Demonstrative Exhibits Used Pursuant to Rule 611(a)

In contrast to summary charts admitted into evidence pursuant to Rule 1006 as discussed

above, demonstrative exhibits used in court pursuant to Rule 611(a) and this Court's discretion,

may contain some amount of persuasive content. Relevant to the draft charts which the government provided Bills and the anticipated testimony of Martin O'Malley, the court states in *White* that summaries used pursuant to Rule 611(a):

> are not substantive evidence – instead, the summaries are meant to aid the jury in its understanding of evidence that has already been admitted. For this reason, Rule 611(a) charts can be more one-sided in their presentation of the relevant information. For instance, such exhibits may "include witnesses' conclusions or opinions," or "reveal inferences drawn in a way that would assist the jury."

737 F.3d at 1135, *citing Janati*, 374 F.3d at 273 (internal citations omitted). Many of the government's draft summary charts are the exact type of demonstrative exhibits contemplated by the court in *White*: summaries of evidence stemming from testimony and thus, lending itself to being "more one-sided" in its presentation of the relevant information.

Many of the government's draft summary charts should only be used as demonstrative exhibits, and must not be admitted into evidence under Rule 1006. Even so, the government must lay the proper foundation for any demonstrative exhibits it chooses to use and show that any witness discussing the matter has personal knowledge of the evidence being summarized.

Regarding the issue of personal knowledge, Bills anticipates that the government will be using versions of its draft summary charts to guide witnesses through their testimony, even though some witnesses may have no personal knowledge of the information contained in the charts. Bills objects to such action based on Federal Rule of Evidence 403. Although the government has asserted that, per the rules, it does not intend to offer demonstrative exhibits into evidence, any testimony which results from the government's use of the demonstrative exhibits will be in evidence, and will violate Rule 403. There is no probative value to witness testimony regarding a demonstrative exhibit with which the witness has no personal knowledge, and the use of such demonstrative exhibits should be saved for closing argument.

**CONCLUSION**

For the above-stated reasons, Bills objects to the admission of various summary charts into evidence pursuant to Federal Rule of Evidence 1006.  Bills objects to the use demonstrative exhibits unless they comply with the Federal Rules of Evidence and the procedures of this Court.


Respectfully submitted,


/s/   Stephen F. Hall_____
STEPHEN F. HALL,

One of the Attorneys for
Mr. John Bills



Law Office of Stephen F. Hall
53 W. Jackson Blvd.
Suite 1437
Chicago, Illinois 60604
(312) 874-7544
sfh@stephenhalllaw.com

6

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on January 8, 2016 I electronically filed the foregoing document with the United States District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all parties or their counsel of record are registered as ECF filers and that they will be served by the CM/ECF system.

Dated:          January 8, 2016

                                        /s/   Stephen F. Hall_____
                                        STEPHEN F. HALL,

                                        One of the Attorneys for
                                        Mr. John Bills

Law Office of Stephen F. Hall
53 W. Jackson Blvd.
Suite 1437
Chicago, Illinois 60604
(312) 874-7544
sfh@stephenhalllaw.com