IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>Plaintiff(s),<br><br>v.<br><br>John Bills,<br><br>Defendant(s). | Case No.  14 cr 135-1<br>Judge  Virginia M. Kendall |

### ORDER

The Court grants the Government's motion regarding summary and demonstrative exhibits (Dkt. No. 121).

### STATEMENT

The Government has submitted a number of summary charts that it intends to use at trial, either as substantive evidence under Federal Rule of Evidence 1006 or as demonstrative exhibits under Federal Rule of Evidence 611. Defendant John Bills generally objects to the use of certain aspects of the exhibits. He does not object to the portions of the charts that he considers true summaries of voluminous evidence; instead, he contends that some of the information contained in the charts will come from witness testimony and is accordingly inappropriate as summarized information in the demonstrative exhibits under Federal Rule of Evidence 611. For the following reasons, the Government's motion is granted and Bills's objection is overruled.

Federal Rule of Evidence 611 permits a party to use a summary chart or other device as a way to educate the jury on an issue at trial. "[L]abeling an exhibit 'demonstrative' signifies that the exhibit is not itself evidence—the exhibit is instead a persuasive, pedagogical tool created and used by a party as part of the adversarial process to persuade the jury." Baugh ex rel. Baugh v. Cuprum S.A. de. C.V., 730 F.3d 701, 706 (7th Cir. 2013) (citation omitted). Demonstrative exhibits are properly used to assist a jury in understanding the evidence presented at trial. See id. at 707. Bills objects to what he claims amounts to witness testimony within the Government's demonstrative exhibits; however, the use of an exhibit as demonstrative instead of as actual evidence makes available the use of testimony within the demonstrative chart. See id. ("[P]edagogical charts or summaries may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury.") (quoting United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004) (citation omitted)). Because the Rules of Evidence allow a party to incorporate witness testimony related to evidence contained in a demonstrative summary chart, Bills's blanket objection is overruled.

Moreover, the Government has proffered that its witnesses will testify that they (1) reviewed the documentary evidence that makes up the demonstrative summary charts, (2) composed the charts as they were going through the substantive evidence, and (3) will verify the accuracy of the information contained in the charts. This witness testimony, if given, lays a proper foundation for the demonstrative exhibits. See United States v. Tatum, 548 F.3d 584, 587 (7th Cir. 2008) (government must lay proper foundation for admission of demonstrative evidence).

Finally, the Court notes that the conclusions found in the demonstrative summary charts are not necessarily argumentative but, even if they were, demonstrative exhibits may be "less neutral" and the using party receives "some leeway to use the exhibit as an advocacy tool that the party might not enjoy if trying to admit the exhibit as substantive evidence." See Baugh, 730 F.3d at 707. Bills is of course permitted to cross-examine the witnesses associated with the demonstrative summary charts on how the witness came to certain conclusions, why the witness included certain transactions and not others, and any other avenue on cross that makes itself available to him. The use of witness testimony within the summary charts does not imbue the charts with any more authority than if the witness only testified; accordingly, there is no risk of undue prejudice through the use of the Government's proposed demonstrative summary charts. See Fed. R. Evid. 403.

For the reasons stated herein, the Court grants the Government's motion regarding summary and demonstrative exhibits (Dkt. No. 121).

Date: 1/11/2016                                         /s/ Virginia M. Kendall