UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S MOTION TO SUPPLEMENT JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by and through its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully files the instant motion to supplement jury instructions and states as follows:

During cross-examination of a records custodian from Redflex, counsel for defendant questioned the custodian as to his "personal knowledge" of the mailing of checks to Martin O'Malley. The witness responded that while he witnessed his assistant place such checks in envelopes and put them in a location where they would be collected for mailing, he did not see the envelopes actually enter a mail depository. Defense counsel then posited that the witness lacked personal knowledge that the envelopes were actually mailed, and the witness agreed. This line-of-questioning implied to the jury that personal knowledge and witnessing of the placing of envelopes in a mail receptacle is a legal requirement. The witness previously testified on direct examination (and again when recalled by the government) that it was Redflex's habit and routine practice to mail checks through

the United States mail to consultants and independent contractors, including Martin O'Malley.[1]

The Seventh Circuit Pattern Instruction provides that, among other instructions related to this issue, "[i]n connection with whether a mailing was made, [the jury] may consider evidence of the habit or the routine practice of an organization." Seventh Cir. Pattern Jury Instr. at 509 (2012) (amended). Seventh Circuit precedent specifically states that a witness's personal knowledge that envelopes were placed in mail depositories is not required: "Evidence of office custom and procedure is acceptable to establish the fact of mailing where the witness did not personally place the letter in a U.S. mailbox." *United States v. Flaxman*, 495 F.2d 344, 349 (7th Cir. 1974). While in the majority of cases the pattern instruction is sufficient, here, counsel for defendant has clearly implied to the jury that the witness must have personal knowledge of the actual placing of envelopes in mail receptacles, which is directly contradicted by Seventh Circuit precedent. Defendant's questions regarding "personal knowledge," which defendant chose to pursue both times the records custodian testified, were designed to encourage the jury to nullify based on a misstatement of the law, and more specifically, a false technicality.

---

[1] During the witness's first direct examination, the witness testified that it was Redflex's habit and routine practice to mail checks through U.S. mail when he worked there and before he started in 2010. During the witness's second direct examination, he testified that he only knew the habit and routine practice from 2010 forward.

To counteract the implications caused by the defense's questioning, it is necessary to give the jury a statement of the law that specifically addresses the issue that the defense chose to inject into this trial – personal knowledge that an envelope was placed in a mail receptacle. Therefore, the government proposes that the Court supplement the pattern jury instruction with the exact language from *Flaxman* in order to ensure the jury receives a correct statement of the law.

WHEREFORE, for the reasons stated above, the government respectfully requests that this Court GRANT the instant motion to amend the jury instruction as outlined above.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: */s/Zachary T. Fardon*
ZACHARY T. FARDON
LAURIE BARSELLA
TIMOTHY J. STORINO
Assistant United States Attorneys
219 S. Dearborn Street, Suite 500
Chicago, Illinois 60604
(312) 353-5300

Dated: January 22, 2016