UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 135-1 |
| | ) | |
| JOHN BILLS | ) | Judge Virginia M. Kendall |

DEFENDANT BILLS' RESPONSE TO THE MOTION
OF THE UNITED STATES FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE

NOW COMES the Defendant, JOHN BILLS, by and through his attorneys, Nishay K. Sanan and Stephen F. Hall, and respectfully submits his response to the Motion of the United States for Entry of Preliminary Order of Forfeiture ("Forfeiture Motion"). In support of his Response, Mr. Bills states as follows:

## I. Background

In October 2003, Chicago and Redflex entered into a contract for the installation and operation of the red light cameras. The Government alleged that Chicago awarded Redflex the contract at Bills' instruction after he received bribe and personal financial benefits from Redflex. In 2012, the Chicago Tribune began reporting on the relationship between Bills and Redflex in connection with the red light camera contract. The Government indicted Bills on August 13, 2014, with more than twenty counts. Specifically, the Indictment charged Bills with twenty counts in total, including mail fraud in violation of 18 U.S.C. § 1341 (county I-IX); wire fraud in violation of 18 U.S.C. § 1343 (Counts X-XII); extortion in violation of 18 U.S.C. § 1951(a) (Count XIII); conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count XIV); solicitation and acceptance of bribes concerning a program that receives federal funds in violation of 18 U.S.C. § 666(a)(1)(B) (Counts XV-XVII); and submitting fraudulent tax returns in violation of 26 U.S.C. § 7206(1) (Counts XXI-XXIII). *See* Dkt. No. 20.

According to the Government, Bills was not alone in his alleged misdeeds. The Government also charged Karen Finley with various violations in Counts One through Twelve, Fourteen, and Eighteen through Twenty. Dkt. No. 20. The Government accused Martin O'Malley of the same misconduct as his co-defendants via Count Fourteen, and listed all three jointly in the Forfeiture Allegation contained in the indictment. *Id*. at 44-45.

Prior to the trial of this matter, Martin O'Malley entered a plea of guilty pursuant to his Plea Agreement with the Government. *See* Dkt. 60. Mr. O'Malley entered a plea of guilty to the only count of the Indictment with which he was charged: County 14. *Id*. at 2. Somewhat similarly, Ms. Finley changed her plea to guilty and entered into a plea agreement with the Government. *See* Docket 85. Through her Plea, Ms. Finley also pleaded guilty only to Count Fourteen. *Id*. at 2.

With regard to the Forfeiture Allegation, the Government alleged that all three defendants were liable for various violations, including "their violations of Title 18, United States Code, Sections 666…," and, as a result, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)…" various rights in property and funds. Dkt. No. 20, p. 44. Specifically, the Government asserts its statutory rights to "all money and property that constituted and was derived from the proceeds traceable to the violations, estimated as including approcismately $613,400 and the proceeds derived from the sale of the condominium at 1633 East Lakeside Drive, Unit 113, Gilbert, Arizona." *Id*.

This matter proceeded to trial on January 11, 2016. At the close of nearly two weeks of evidence, the parties rested their cases, arguments were heard, and the jury began their deliberations. After approximately six hours, the jury returned verdicts of guilty on all counts as to Mr. Bills. On February 11, 2016, the Government filed its Forfeiture Motion, demanding that

Mr. Bills property be subject to forfeiture in the amount of $680,107, specifically pursuant to 18 U.S.C. § 981(a)(1)(C).

II. **Argument**

The Government seeks forfeiture under two provisions: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). While § 2461(c) acts as a gap-filling or bridging provision "that grafts civil forfeiture provisions… onto criminal proceedings," section 981 has a broader scope. *Untied States v. Black*, 526 F.Supp.2d 870, 876 (N.D. Ill. 2007), *aff'd by* 530 F.3d 596 (7th Cir. 2008).[1] By contrast, § 981(a)(1)(C) "provides for civil forfeiture of any real or personal property that 'constitutes or is derived from proceeds traceable to' an offense constituting 'specified unlawful activity,'" as defined by 18 U.S.C. § 1956(c)(7). *Id*. Section 1956(c)(7)(D) includes "an offense under … section 666 (relating to theft or bribery concerning programs receiving Federal funds)…."

    a. **The Government Failed to Demonstrate that the Forfeiture Amount Constitutes Traceable Proceeds**

Section 981(a)(1)(C) only allows the forfeiture of property if it "constitutes or is derived from proceeds traceable to" a specific offense. Section 981(a)(2)(A) defines proceeds as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture…." Here, the Government attempts to demonstrate that the claimed $680,107 represents proceeds traceable to Mr. Bills' alleged misconduct. To do this, the Government relies on the testimony of Martin O'Malley and Aaron Rosenberg. Dkt. No. 156, pp. 3-5. This testimony was not believed at trial, and should not be bought into now.

---

[1] This matter has a long history. The Supreme Court granted a writ of certiorari, ultimately vacating and remanding the Seventh Circuit's decision. *Black v. United States*, 130 S.Ct. 2963 (2010). None of the issues on appeal or upon remand dealt with forfeiture.

As confirmed by juror Michael Woerner in the Chicago Tribune, the jury did not really believe the testimony of O'Malley, Rosenberg, and Finley.² Rather, the jury believed some of the documentary evidence. Here, however, the Government has done little more than point to the same testimony from Rosenberg and O'Malley which was less than trusted during trial. More importantly, the issue here is not whether the Government has proved its allegations as listed in the Indictment; rather, the issue is whether the Government has proven that the $680,107 which it seeks represents traceable proceeds. Mr. Bills submits that the Government has not carried its burden and requests that this Court deny the Government's Forfeiture Motion.

### b. In the Alternative, this Court Should Enter an Order of Joint and Several Liability as to the Forfeiture Amount

Should this Court find that the Government has met its burden in demonstrating that the sought after $680,107 are traceable proceeds of Mr. Bills' alleged misconduct, then Mr. Bills requests that this Court enter an order that Karen Finley, Martin O'Malley, and Mr. Bills are jointly and severally liable. "As a general rule, co-venturers in a criminal scheme – whether labeled as co-schemers, co-conspirators, or aider and abettors – are jointly and severally liable for all proceeds generated under a fraud scheme." *Black*, 526 F.Supp.2d at 883, *citing United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005) ("…the proceeds of a conspiracy are a debt owed by each of the conspirators. It would be absurd to treat them more leniently than the law treats a lawful partnership, all of whose members are severally as well as jointly liable for the partnership's debts,").

---

² "Jurors didn't like that prosecutors relied so heavily on three key witnesses who had won deals, Woerner said, but emails, bank records and other witnesses buttressed their testimony." David Kidwell, *Ex-City Official Guilty in Redflex Bribe Case*, Chicago Tribune, Jan. 27, 2016 at A1, A9.

4

In the instant matter, both O'Malley and Finley pleaded guilty to Count 14, which alleges violations of 18 U.S.C. § 666.  A violation of § 666 subjects both Finley and O'Malley to the forfeiture of funds pursuant to §§ 981(a)(1)(C) and § 1956(c)(7).  By way of their Plea Agreements, Finley and O'Malley pleaded guilty because they were in fact guilty of the charged conduct.  If this Court finds that the Government has carried its burden in showing that the funds at issue were traceable proceeds, both Finley and O'Malley were directly involved in that conduct.  This is, of course, why they were parties to the Forfeiture Allegation made part of the Indictment.  Thus, if this Court is inclined to grant the Government's Forfeiture Motion, Mr. Bills respectfully requests that this Court enter an order of joint and several forfeiture as to Mr. Bills, Ms. Finley, and Mr. O'Malley.

### III. Conclusion

Defendant Bills hereby requests this Court deny the Government's Forfeiture Motion, or in the alternative, grant Bills' request for an order of joint and several forfeiture as detailed above.

Respectfully submitted this 16th day of March, 2016.

| /s/ Nishay K. Sanan____ | /s/Stephen F. Hall____ |
|---|---|
| Nishay K. Sanan, | Stephen F. Hall |
| One of the Attorneys for John Bills | One of the Attorneys for John Bills |
| | |
| Law Office of Nishay K. Sanan | Law Office of Stephen F. Hall |
| 53 W. Jackson Boulevard, | 53 W. Jackson Boulevard |
| Suite 1437 | Suite 1437 |
| Chicago, Illinois 60604 | Chicago, Illinois 60604 |
| (312) 692-0360 | (312) 810-9779 |
| nsanan@aol.com | sfh@stephenhalllaw.com |