UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 14 CR 135-1 |
| v. | ) | |
| | ) | Honorable Virginia Kendall |
| JOHN BILLS | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO
MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits the following reply to defendant JOHN BILLS's Response to the Motion of the United States for Entry of Preliminary Order of Forfeiture.

**A. The Proposed Forfeiture Amount Constitutes Traceable Proceeds.**

Defendant argues that the government has not shown that the benefits that he received from Martin O'Malley and Redflex that totaled $680,107 are traceable to defendant's misconduct because the testimony of O'Malley and Aaron Rosenberg "was not believed at trial and should not be bought into now." (R.164, at 3). Relying on a Chicago Tribune article in which one of the jurors was interviewed, defendant claims that the jury "did not really believe the testimony of O'Malley, Rosenberg, and [Karen] Finley." (R.164, at 4). Defendant is quite mistaken.

First, as defendant admits in a footnote, the interviewed juror told the Chicago Tribune that, while "[j]urors didn't like that prosecutors relied so heavily on three key witnesses who had won deals, . . . *emails, bank records and other witnesses*

1

*buttressed their testimony.*" David Kidwell, *Ex-City Official Guilty in Redflex Bribe Case,* Chicago Tribune, Jan. 27, 3016 at A8. (Emphasis added). In short, according to this juror, the jury did exactly what the government asked them to do in closing arguments – credit the cooperators' testimony because it was corroborated by mountains of additional evidence.

Moreover, as explained in the government's Motion for Entry of Preliminary Order of Forfeiture, the amount of $680,107 is clearly traceable to defendant's bribery offenses: After defendant arranged for O'Malley's employment at Redflex as a means by which defendant would receive payment for his assistance to Redflex, O'Malley gave to defendant $557,000 in cash, $24,950 in checks, and $80,103 in expenses for the purchase and upkeep of an Arizona condo, all of which funds were derived from O'Malley's Redflex commissions and bonuses. Additionally, in further return for his official actions in favor of Redflex, defendant received free meals, trips, hotel stays, and rental cars from O'Malley and Rosenberg worth approximately $3,808 and $14,246, respectively, which expenses were reimbursed by Redflex. Thus, as shown at trial, the total amount of benefits received by defendant traceable to his bribery offenses is $680,107.

**B. The Government's Position Regarding Forfeiture as to Each Co-Defendant Is Fair.**

Defendant requests that, if this Court finds that $680,107 are traceable proceeds of defendant's misconduct, an order should be entered also holding Finley and O'Malley jointly and severally liable for forfeiture of that amount. (R.164, at

2

4-5). Missing from defendant's request is any acknowledgment that the plea agreements that Finley and O'Malley entered with the government included terms that resolved their forfeiture issues. In those plea agreements and in its pending motion for a preliminary order of forfeiture as to defendant, the government's position has been consistent and fair.

Although, as defendant points out, each co-defendant can be held jointly and severally liable for the forfeiture of the total amount of the proceeds arising from the bribery scheme, *see United States v. Spano*, 41 F.3d 599, 603 (7th Cir. 2005), in the present case, the government has opted to pursue an alternative, and consistent, course by seeking to forfeit against each defendant only the amount of criminal proceeds that each defendant personally received. Thus, in O'Malley's plea agreement, the government agreed to forfeit $98,837.84, (R.60, at 14), which was the amount O'Malley received from the sale of the Arizona condo that he bought for defendant with Redflex funds as part of the bribery scheme. With regard to Finley, who did not personally receive any of the benefits that were paid as bribes to defendant, the government agreed, as part of her plea agreement, that it would dismiss the forfeiture allegation as to her. (R.85, at 14-15). As for defendant BILLS, consistent with this approach, the government has chosen not to seek forfeiture of the entire amount of the proceeds arising from the bribery scheme. Instead, the government has subtracted out the $98,837 that O'Malley received from the sale of the Arizona condo, (R.156, at 4-5), and is seeking to forfeit from BILLS only that which BILLS personally received, which, as explained above, totals $680,107.

3

It is abundantly clear that, with respect to receipt of criminal proceeds, O'Malley and Finley were not similarly situated as defendant BILLS, and the government's approach to forfeiture against all three co-defendants is more than fair. *See Bek v. United States*, , 2:08-CV-290 RM, 2:03-CR-4(01)RM, 2008 WL 5069329, at *7-8 (N.D. Ind. Nov. 24, 2008) (defendant's claim that forfeiture was improper because co-defendants' plea agreements contained less severe forfeiture provisions was without merit where co-defendants were not similarly situated as defendant.)

WHEREFORE, the government respectfully requests that defendant's objections to the entry of the proposed Preliminary Order of Forfeiture be denied and that the proposed order be entered.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

By:   /s/ Timothy J. Storino
    ZACHARY T. FARDON
    LAURIE BARSELLA
    TIMOTHY J. STORINO
    Assistant United States Attorneys
    219 S. Dearborn Street, Suite 500
    Chicago, Illinois 60604
    (312) 353-5300

Dated: March 24, 2016