**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 CR 135-1 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| John Bills | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons below, the Court grants the United States' motion for entry of preliminary order of forfeiture against John Bills. (Dkt. No. 156.)

## STATEMENT

On August 13, 2014, Bills was indicted on numerous counts for fraudulently causing the City of Chicago to award Redflex Traffic Systems, Inc. ("Redflex") a contract for the installation and operation of red light cameras after receiving a bribe and personal benefits from Redflex. (Dkt. No. 156 at ¶ 1; Dkt. No. 164 at 1.) On January 26, 2015, a jury convicted Bills of twenty counts of the indictment, including for violations of 18 U.S.C. §§ 1341, 1343, 1346, 1951, 371 and 666. Those convictions made certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) an 28 U.S.C. § 2461(c). In sum, the Government contends that Bill is liable for a forfeiture amount of $680,107.

Bills sets forth two contentions in opposition to the Government's motion. First, he contends that the Government's reliance on the testimony of key witnesses, including co-conspirators Martin O'Malley and Karen Finley who pled guilty, to demonstrate that the forfeiture amount is traceable, as required by Section 981(a)(2)(A), is unavailing because the jurors "did not really believe the testimony" of those same witnesses at trial. (Dkt. No. 164 at 4.) His sole piece of evidence in support of his position is a Chicago Tribune article in which one juror stated that the "jurors didn't like that the prosecutors relied so heavily on three key witnesses who had won deals…but emails, bank records, and other witnesses buttressed their testimony." (*Id*.) Despite Bills's arguments to the contrary, this quotation does not indicate that the jury did not rely on the testimony provided by the three witnesses; rather, it shows that the testimony, when supplemented by other evidence, was sufficient for the jury to convict him. As such, Bills's contention in no way undermines the Government's reliance on the witnesses' testimony regarding Bills's bribery offenses and forfeiture amount. In addition, the $680,107 amount is traceable to Bills's offenses as the Government, in both its motion and reply, clearly lays out its

underlying calculations in arriving at that number. (Dkt. No. 156 at 3-5; Dkt. No. 166 at 2.) Bills's mere suggestion to the contrary is insufficient to counteract that evidence.

Second, Bills argues that if the Court finds that the forfeiture amount is traceable as it has here, then the Court should enter an Order that Bills, O'Malley, and Finley are joint and severally liable for the forfeiture amount. (Dkt. No. 164 at 4.) The Government does not dispute that the general rule is that each co-defendant can be held jointly and severally liable for a fraud scheme, *see United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005), but rather contends that its decision to seek forfeiture amounts against each defendant in only the amount of criminal proceeds that each defendant personally received is fair in this matter, particularly given that O'Malley and Finley previously entered into plea agreements resolving their forfeiture issues.[1] The Government's reasoning is sound as the general rule provides that "co-venturers in a criminal scheme…are jointly and severally liable for all proceeds generated under a fraud scheme." *See, e.g., United States v. Black*, 526 F. Supp. 2d 870, 883 (N.D. Ill. 2007) (citing *Spano*, 421 F.3d at 603). Nothing in that rule requires that all co-defendants are joint and severally liable for a forfeiture amount based on what one co-defendant personally received. Indeed, to apply the example that the *Spano* court itself employed, while it certainly follows that all partners in a partnership are "severally as well as jointly liable for the *partnership's debts*," nothing in that finding necessitates that all partners must also be held jointly and severally liable for an individual partner's *personal* debt, as is the case here. *Spano*, 421 F.3d at 603 (emphasis added). Moreover, Bills provides no authority supporting his contention that O'Malley and Finley, who entered into plea agreements in December 2014 and August 2015 respectively resolving their forfeiture amounts, should now, despite those agreements, be held jointly and severally liable for the amount that he personally received. Bills similarly does not (and cannot) claim that he was unaware of those plea agreements and the forfeiture amounts noted therein, which were entered between five and thirteen months before his trial. Accordingly, as Bills fails to present any authority that the Government's current approach, which seeks to forfeit from Bills only the amount that Bills personally received, is impermissible, the Court denies his alternative argument.

As such, the Court grants the Government's motion for entry of preliminary order of forfeiture against Bills.

*Virginia M. Kendall*
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 5/27/2016

---

[1] The Government seeks $680,107 from Bills, $98,837 from O'Malley, and nothing from Finley who did not personally receive any benefits from the scheme. (Dkt. No. 166 at 3.)

2