# UNITED STATES DISTRICT COURT

Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Martin O'Malley | ) | Case Number: 14 CR 135-2 |
| | ) | USM Number: 47510-424 |
| | ) | |
| | ) | |
| | ) | Michael Gillespie |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) Counts 14 of the Indictment.
☐ pleaded nolo contendere to count(s)     which was accepted by the court.
☐ was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| **18 U.S.C. 371** | Conspiracy to Solocit and Accept Bribes | 6/30/2011 | 14 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

9/12/2016
Date of Imposition of Judgment

Signature of Judge

Virginia M. Kendall, U.S. District Court Judge
Name and Title of Judge

9-26-16
Date

DEFENDANT:  MARTIN O'MALLEY
CASE NUMBER:  14 CR 135-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Six (6) months on Count 14 of the Indictment

☒  The court makes the following recommendations to the Bureau of Prisons: that the defendant be incarcerated at the Oxford Correctional

    Institution. Further, the Court recommends that the defendant participate in the Residential Drug and Alcohol Abuse Treatment Program

    (RDAP).

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at        on

    ☐  as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒  before 2:00 pm on 1/3/2017

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this
judgment.

                                                  _____

                                                  UNITED STATES MARSHAL

By  _____

                    DEPUTY UNITED STATES MARSHAL

DEFENDANT: MARTIN O'MALLEY
CASE NUMBER: 14 CR 135-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $100.00 | $ | $2,032,959.50 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City of Chicago Law Department Attn: Diane Pezanoski, Deputy Corporation Counsel 30 N. LaSalle, Suite 1400 Chicago, IL 60602 | $2,032,959.50 | $2,032,959.50 (joint and several with codefendants Bills and Finley) | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Totals:** | | | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the _____ .

    ☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARTIN O'MALLEY
CASE NUMBER: 14 CR 135-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately.

     ☐    balance due not later than     , or

     ☒    balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal    *(e.g. weekly, monthly, quarterly)* installments of $    over a period of    *(e.g., months or years)*, to commence    *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within    *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
Defedant shall pay a lump sum of $25,000 to the City of Chicago within six months of release from Bureau of Prisons.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒    Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|
| 14 CR 135-1 John Bills | $2,032,959.50 | Same | City of Chicago |
| 14 CR 135-3 Karen Finley | $2,032,959.50 | Same | "   " |

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☒    The defendant shall forfeit the defendant's interest in the following property to the United States: See attached Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 135-2 |
| | ) | |
| MARTIN O'MALLEY | ) | Judge Virginia M. Kendall |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a) On August 13, 2014, an indictment was returned charging MARTIN O'MALLEY with conspiracy, in violation Title 18, United States Code, Section 371, to commit federal program bribery, prohibited by Title 18, United States Code, Section 666(a)(1)(B), in relation to the payment of bribes in exchange for City of Chicago contracts;

(b) The indictment sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On December 10, 2014, pursuant to Fed R. Crim. P. 11, defendant MARTIN O'MALLEY entered a voluntary plea of guilty to Count Fourteen of the indictment, charging him with a violation of 18 U.S.C. § 371, thereby making certain property subject to forfeiture;

(d) Pursuant to the terms of the plea agreement, as a result of his violation of 18 U.S.C. § 371, defendant MARTIN O'MALLEY agreed that funds in the amount of $98,837.84 are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting or derived from proceeds traceable to the violation;

(e)     Defendant MARTIN O'MALLEY further agreed to the entry of forfeiture judgment in the amount of $98,837.84 pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(f)     Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B), unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(g)     In accordance with this provision, the United States requests that this Court enter a preliminary order forfeiting all right, title, and interest defendant MARTIN O'MALLEY has in the foregoing property for disposition according to law;

(h)     Pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, if any of the funds in the amount of the $98,837.84 money judgment entered against defendant MARTIN O'MALLEY as a result of any act or omission of the defendant:

1.      cannot be located upon the exercise of due diligence;

2.      has been transferred or sold to, or deposited with, a third party;

3.      has been placed beyond the jurisdiction of the Court;

4.      has been substantially diminished in value, or

5.      has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant MARTIN O'MALLEY up to the value of $98,837.84 in order to satisfy the judgment entered by the Court;

(i)     The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant MARTIN O'MALLEY and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     That, a personal money judgment in the amount of $98,837.84 is entered against defendant MARTIN O'MALLEY;

2.     That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant MARTIN O'MALLEY in funds in the amount of $98,837.84 is hereby forfeit to the United States of America for disposition according to law;

3.     That, upon entry of this Preliminary Order of Forfeiture, the Court hereby authorizes the Attorney General or her designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court;

4.     That, the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant MARTIN O'MALLEY and included in any judgment and commitment order entered in this case against him;

5.     This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

VIRGINIA M. KENDALL
United States District Judge

DATED: 5/9/2016